

U.S. Department of Justice

United States Attorney
District of Columbia

United States Attorney
District of Maryland

---

June 4, 2008    08-Cr-222 (EGS)

FILED

AUG 1 3 2008

**BY HAND DELIVERY**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kevin McCants, Esq.
Counsel for Alethia Grooms
601 Pennsylvania Avenue, N.W.
Suite 900 – South
Washington, D.C. 20004

    Re: United States v. Alethia Grooms, Criminal No. 07-MJ-648

Dear Mr. McCants:

    This letter sets forth the full and complete plea offer to your client, Alethia Grooms, from the Criminal Divisions of the Offices of the United States Attorney for the District of Columbia and the United States Attorney for the District of Maryland (hereinafter "Government" or "these Offices"). This plea offer will expire on June 20, 2008. If your client accepts the terms and conditions of this offer, please have her execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    Your client agrees to waive her right to a grand jury indictment, waive her right to challenge federal venue, and plead guilty to a three-count criminal Information, a copy of which is attached, that charges Possession of Stolen Property, in violation of 18 U.S.C. § 2315, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Conspiracy to Make False Statement in Connection with FHA Loan, in violation of 18 U.S.C. §§ 371, 1010.

    Your client understands that, pursuant to 18 U.S.C. § 2315, Possession of Stolen Property carries a maximum sentence of 10 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term

of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made; that, pursuant to 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering carries a maximum sentence of 20 years of imprisonment, a fine of $500,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made; and that, pursuant to 18 U.S.C. §§ 371, 1010, Conspiracy to Make False Statement in Connection with FHA Loan carries a maximum sentence of five years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by these Offices for the conduct set forth in the attached Statement of the Offenses.

### Factual Stipulations

Your client agrees that the attached Statement of the Offenses fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offenses as a written proffer of evidence.

### Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    A.    **Offense Level under the Guidelines**

U.S.S.G. § 2B1.1 (Possession of Stolen Property)

| | | |
|---|---|---|
| (a) | Base Offense Level | 6 |
| (b) | Specific Offense Characteristics | |
| | Loss of more than $400,000 | 14 |
| | Use of Sophisticated Means | 2 |
| | TOTAL | 22 |

2

U.S.S.G. § 2S1.1 (Conspiracy to Commit Money Laundering)

| | | |
|---|---|---|
| (a) | Base Offense Level | 20 |
| (b) | Specific Offense Characteristics | |
| | Conviction under 18 U.S.C. § 1956 | 2 |
| | Sophisticated Laundering | 2 |
| | TOTAL | 24 |

U.S.S.G. § 2B1.1 (Conspiracy to Make False Statement in Connection with FHA Loan)

| | | |
|---|---|---|
| (a) | Base Offense Level | 6 |
| | TOTAL | 6 |

### Combined Offense Level

The parties stipulate that Counts 1 and 2 of the Information, Possession of Stolen Property and Conspiracy to Commit Money Laundering, group together into a single group under U.S.S.G. § 3D1.2. Count 3 of the Information, Conspiracy to Make False Statement in Connection with FHA Loan, does not group together with Counts 1 and 2. Pursuant to U.S.S.G. § 3D1.4, Count 3 does not increase the combined offense level, because it is 9 or more levels less serious than the grouped offenses. Accordingly, the parties stipulate that the combined offense level, before any reduction for acceptance of responsibility, is 24.

### Acceptance of Responsibility: 3-Level Reduction

The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, **adherence to every provision of this Plea Agreement,** and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Guidelines Offense Level** is **21**.

### B. Criminal History Category

Based upon the information now available to these Offices (including representations by the defense), your client does not have any criminal convictions.

In accordance with the above, your client's **Criminal History Category** is **I**.

C. **Applicable Guidelines Range**

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is **37** to **46** months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 21, the applicable fine range is **$7,500** to **$75,000**.

Except as expressly provided in another section of this Plea Agreement, the parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, with the possible exception noted above, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

**Cooperation**

Your client agrees to cooperate completely, truthfully, and candidly in any criminal investigation or prosecution conducted by these Offices or by any other governmental entity. Specifically, your client agrees:

    A. To provide complete, truthful, and candid disclosure of any and all information, as well as records, writings, tangible objects, and other materials, requested by the Government that your client has in her possession or under her control, including financial records and tax returns;

    B. To answer completely, truthfully, and candidly all questions put to your client by the Government or other law-enforcement officials;

    C. To be available for interviews by the Government or other law-enforcement officials upon request and reasonable notice;

    D. Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    E. To comply with any and all reasonable requests from the Government or other law-enforcement officials with respect to the specific assistance that your client shall provide; and

    F. To answer, at trial, before the grand jury, or at any hearing arising out of an investigation, all questions put to your client by the Court or by the attorney for any party completely, truthfully, and candidly.

### Departure Committee

At the time of your client's sentencing, the Government will advise the Court and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the Government. In addition, before sentencing, the Government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the Government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the Government will file a motion pursuant to Section 5K1.1 of the Guidelines. Your client understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the Government. Your client further understands that the failure of the Government to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

### Use of Certain Information

The Government and your client agree that because your client has agreed to cooperate with the Government in a criminal investigation, under Section 1B1.8 of the Guidelines, self-incriminating information provided by your client pursuant to her cooperation agreement shall not be used against your client in determining the applicable Guidelines range, except as otherwise provided in this Plea Agreement.

The preceding paragraph shall not be applied to restrict the use of information:

    A. known to the Government or other law-enforcement officials prior to the date that your client enters a plea of guilty;

    B. concerning the existence of your client's prior convictions and sentences;

5

   C. in a prosecution for perjury, giving a false statement, or obstruction of justice;

   D. in determining whether, or to what extent, a downward departure is warranted under Section 5K1.1 of the Guidelines.

### Court Not Bound by the Plea Agreement

It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that her entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw her plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

In addition to the other penalties provided by law, the Court may order that your client make restitution under 18 U.S.C. §§ 3663, 3663A. Restitution is payable immediately unless otherwise ordered by the Court.

In addition to any restitution that may be ordered by the Court, your client agrees to make restitution in the amount of **$650,929.19** to the District of Columbia government and any other victims of your client's criminal conduct.

### Appeal Waiver

It is agreed (i) that your client will not file a direct appeal of any sentence within or above the Stipulated Guidelines Range and (ii) that the Government will not appeal any sentence within or below the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

**Forfeiture**

Your client agrees to criminal forfeiture totaling $650,929.19, which your client agrees constitutes an amount of proceeds involved in, or traceable to property involved in, the conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Your client agrees that the above-described amount is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

In order to effectuate the forfeiture, your client agrees to the entry of a Consent Order of Forfeiture in the form of a money judgment, a copy of which is attached.

Your client also agrees to identify all assets over which your client exercises control, directly or indirectly (or has exercised such control, within the past five years), and all assets in which your client has or had any financial interest during that time. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1,000 that, within the last five years, your client owned, or in which your client maintained an interest, the ownership of which your client fails to disclose to the Government in accordance with this Plea Agreement.

Your client agrees to the entry of a Consent Order of Forfeiture for the money judgment and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and your client waives any claim of error should the Court fail to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

From the forfeited assets, the Government intends to provide the District of Columbia with restitution. The Government agrees that it will not oppose any request by your client that the restitution ordered by the Court as part of a sentence be offset by the value of the assets turned over to the District of Columbia, by the Government, through the administrative, civil, or criminal forfeiture process.

### Release/Detention

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing *or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.*

### Breach of Agreement

Your client understands and agrees that if, after entering into this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However,

in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that, should the convictions following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Waiver of Venue

Your client agrees to waive any defense based on venue for the counts to which your client has agreed to plead guilty.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia and Maryland.

Your client further understands that this Plea Agreement is binding only upon the Criminal Divisions of the Offices of the United States Attorney for the District of Columbia and the United States Attorney for the District of Maryland. This Plea Agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space provided below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A Taylor/HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

By: *David Johnson*
Timothy G. Lynch
David S. Johnson
Assistant United States Attorneys

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF MARYLAND

By. *Jonathan Su/RJ*
Jonathan C. Su
Deborah A. Johnston
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Kevin McCants, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7/30/08

Alethia Grooms
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 7/30/08

Kevin McCants, Esq.
Counsel for the Defendant