UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> ALETHIA OLIVIA GROOMS, : <br> a/k/a "ALETHIA COVINGTON," : <br> a/k/a "ALETHIA MACK," : <br> a/k/a "ALETHIA SLOAN," : <br> : <br> Defendant. : <br> : | Criminal No. 08-CR-222 (EGS) <br><br> FILED <br> AUG 1 3 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## CONSENT ORDER OF FORFEITURE

WHEREAS a written plea agreement was filed with this Court and signed by defendant ALETHIA OLIVIA GROOMS (hereinafter "GROOMS") and her counsel, Kevin McCants, Esq., in which GROOMS agreed to plead guilty to a felony violation, that is, conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h);

WHEREAS the Information also alleged the forfeiture of certain property that is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as property involved in, or traceable to property involved in, the conspiracy to commit money laundering;

WHEREAS in her plea agreement, GROOMS expressly agreed and consented to the entry of an Order of Forfeiture, under Federal Rule of Criminal Procedure 32.2(b)(2), which concerns property subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), as property involved in, or traceable to property involved in, the conspiracy to commit money laundering; and

WHEREAS the Court has determined, based on the evidence set forth during GROOMS's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), and that the Government has established the requisite nexus between such property and a violation of Title 18, United States Code, Section 1956(h);

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(1):

MONEY JUDGMENT:

$650,929.19, which constitutes an amount of proceeds involved in, or traceable to property involved in, the conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to Title 18, United States Code, Section 982 (incorporating Title 21, United States Code, Section 853).

3.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property; any additional facts supporting the petitioner's claim; and the relief sought.

4.  After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853 for the filing of third party petitions.

6.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

7.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8.  The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorneys Timothy G. Lynch and David S. Johnson, Fraud & Public Corruption Section, 555 Fourth Street, N.W., Washington, D.C. 20530.

Dated this 13th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
UNITED STATES ATTORNEY

By: _____
TIMOTHY G. LYNCH (D.C. Bar No. 456506)
DAVID S. JOHNSON (D.C. Bar No. 477298)
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov

_____        _____
ALETHIA OLIVIA GROOMS                    KEVIN MCCANTS, ESQ.
Defendant                                Counsel for Defendant Grooms

-4-